UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON S. FLOWERS, | ) | Case No. 5:08-CV-1167 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE ANN ALDRICH |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | Magistrate Judge Benita Pearson |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | <u>MEMORANDUM AND ORDER</u> |

Plaintiff Sharon S. Flowers ("Flowers") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i) & 423. On June 17, 2009, Magistrate Judge Benita Pearson recommended that this Court affirm the final determination of the Commissioner. For the following reasons, the Court adopts the magistrate judge's report and recommendation ("R&R").

**I. Background**

On August 10, 2004, Flowers filed an application for DIB, alleging a disability onset date of January 29, 2002 and claiming that she was disabled because of carpal tunnel syndrome ("CTS"). Her application was denied initially and upon reconsideration. Flowers requested an administrative hearing, which was held on May 10, 2007, by Administrative Law Judge ("ALJ") Patricia Lobo. Flowers appeared with counsel and testified at the hearing. On August 28, 2007, the ALJ found Flowers' residual functional capacity ("RFC") to be as follows:

> [T]he claimant has the residual functional capacity to lift, carry, push or pull 20 pounds occasionally and 10 pounds frequently and to sit for 6-8 hours and stand and walk for 6-8 hours in a workday, with normal breaks. The claimant is capable of

      handling and fingering on a frequent but not repetitive or constant basis, and should
      avoid concentrated exposure to extremes of cold.

The ALJ's decision became the final decision of the Commissioner when the Appeals Council declined further review.

Flowers filed a complaint with this court [Doc. No. 1], claiming that the ALJ incorrectly assessed her RFC and improperly rejected the opinion of her gastronomical treating physician. Magistrate Judge Pearson rejected both claims and affirmed the Commissioner's decision in her R&R [Doc. No. 11], finding that the ALJ's decision was supported by substantial evidence and that the ALJ employed the correct legal standards in reaching the decision. Flowers filed a timely objection to the magistrate judge's R&R. [Doc. No. 12].

Flowers was born on January 2, 1958. After completing one year of college, she worked as a process operator at a steel factory and as a phlebotomist. Both positions required repetitive use of her hands and wrists. Flowers was 44-years-old at the onset of her alleged disability and was treated by numerous doctors and chiropractors for her hand and wrist pain. Flowers underwent surgery on her right hand in 2002, but continued to experience pain and discomfort in both hands and wrists. At issue here are the findings and recommendations made by Flowers' treating physicians, Dr. Richard Reichert ("Dr. Reichert") and Dr. Nina Njus ("Dr. Njus"), and the state agency reviewing physician, Dr. Anton Freihofner ("Dr. Freihofner").

Flowers saw Dr. Reichert in 2002 and was diagnosed with CTS on the right and tenosynovitis on the left. Dr. Reichert examined Flowers again in 2003 for the purpose of a Workers' Compensation claim. He reviewed all available medical evidence and conducted a thorough physical exam of Flowers, including grip strength testing, light palpation, flexion testing and Phalen's testing. Dr. Reichert also observed Flowers using her right hand to easily open the

-2-

door of a truck and grip the inside handle to pull it closed. Dr. Reichert concluded that Flowers' "subjective complaints far outweigh her objective findings, and there are multiple inconsistencies from an anatomical/neurological point of view exhibited during" his examination and observation. After receiving Dr. Reichert's determination, Flowers stopped seeing him for medical treatment.

In February 2004, Flowers began seeing Dr. Njus for her hand and wrist pain. After a thorough examination, Dr. Njus recommended that Flowers undergo an electromyogram/nerve conduction study ("EMG/NCS") and physical therapy in addition to beginning a regimen of vitamin B6 and a trial of a non-steroidal anti-inflammatory (Celebrex). After examining the results of the EMG/NCS, Dr. Njus noted that Flowers' right hand showed significant improvement over its 2002 pre-surgical condition. Dr. Njus found Flowers' right CTS as resolving and her left CTS as very mild. Dr. Njus ultimately recommended only intermittent splinting, vitamin B6, and non-prescription anti-inflammatories when needed. After receiving the conservative recommendation, Flowers stopped seeing Dr. Njus for medical treatment.

On October 13, 2004, Dr. Freihofner reviewed Flowers' DIB claim and completed an RFC assessment. Dr. Freihofner is a reviewing physician who neither examined nor treated Flowers and based his conclusions upon an examination of medical records only. According to Flowers' complaint, he opined her RFC to be as follows:

> [Flowers is] capable of lifting and carrying 20 pounds occasionally and 10 pounds frequently; of standing and/or walking 6 hours in a workday; of sitting 6 hours in a workday; of only occasional bilateral hand controls, including handling and fingering; and needing to avoid concentrated exposure to extreme cold and to hazards such as machinery or heights.

Dr. Freihofner's findings were later affirmed by another unidentified, non-examining state agency physician.

**II. Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the commissioner's decisions. Judicial review is limited to determining whether findings of fact made by the Commissioner are supported by substantial evidence and whether the Commissioner employed proper legal standards in reaching those findings. *Gibson v. Sec'y of Health, Educ. & Welfare*, 678 F.2d 653 (6th Cir. 1982). "Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Under 42 U.S.C. § 405(g), the ALJ's findings are conclusive as long as they are supported by substantial evidence." *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citing *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir. 1986)).

This court may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987). An ALJ's determination that is supported by substantial evidence must stand regardless of whether the reviewing court would resolve the disputed issues differently, and even if substantial evidence also supports a different conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

Additionally, Federal Rule of Civil Procedure 72(b) requires this Court to review *de novo* any portion of Magistrate Judge Pearson's disposition to which specific objections have been made. Local Rule 72.3(b) requires that objections "specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for such objections." A district judge "shall make *de novo* determination of those portions of the report or specified

proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [m]agistrate [j]udge." *Id*.

### III. Discussion

Flowers' one objection to the R&R is that the ALJ improperly rejected the opinion of the non-examining state agency physician by limiting Flowers to "frequent" handling and fingering instead of "occasional."

In her original complaint, Flowers claimed that the ALJ incorrectly assessed her RFC by limiting her to "frequent" handling and fingering instead of following the opinion of the state agency reviewing physician that Flowers was limited to "occasional" handling and fingering. Flowers now presents the same argument as her sole objection to the magistrate judge's R&R. An objection that merely restates an argument previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. *Vandiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). Flowers' sole objection at issue was already considered and overruled in the R&R:

> The ALJ noted the opinions of the state agency reviewing physicians . . . but concluded that the opinions of medical doctors who actually examined Flowers deserved more weight than the . . . reviewing physicians. See 20 C.F.R. § 404.1513(a). Although the opinions of the state agency reviewing physicians conflict somewhat with the opinions of Drs. Reichert and Njus, the ALJ resolved this conflict by relying on medical opinions that were based on actual examinations of Flowers. *See e.g., Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987) ("The opinion of a non-examining physician is entitled to little weight if it is contrary to the opinion of the claimant's treating physician.").

Flowers fails to present a proper objection because Magistrate Judge Pearson already found that the ALJ properly relied upon the medical opinions of examining physicians, and Flowers did not raise a new objection regarding the magistrate judge's finding.

Additionally, even if Flowers' objection was proper, the ALJ's decision to limit Flowers to "frequent" handling and fingering was supported by substantial evidence. The ALJ's limitation to "frequent" handling and fingering is an appropriate resolution of the conflict between the non-examining state agency physician's opinion to limit Flowers to "occasional" handling and fingering and the two examining physicians' opinions that Flowers' condition greatly improved since 2002 and that her "subjective complaints far outweigh her objective findings." *See Hensley v. Comm'r of Soc. Sec.*, No. 08-6389, at *6 (6th Cir. July 21, 2009) ("In most cases . . . , there will be conflicting medical opinions. If the existence of such a conflict is enough to justify denying the treating physician's report controlling weight, it would be a rare case indeed in which such weight would be accorded."). Therefore, because the ALJ relied on the medical opinions of the examining physicians, substantial evidence supports the ALJ's finding.

### IV. Conclusion

Because Flowers' objection is overruled and the ALJ's decision is supported by substantial evidence, this court adopts Magistrate Judge Pearson's R&R in its entirety and affirms the decision of the Commissioner. This order is final and appealable.

IT IS SO ORDERED.

*/s/Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: July 28, 2009**